Skip to Main Content  Logout  My Account  Search Menu  New Civil & Family Search  Refine Search  Back          Location : All Courts  Help

# REGISTER OF ACTIONS
### CASE NO. 2019CCV-60523-4

| | | |
|---|---|---|
| Zacharias Bryan Cook vs. Geico Marine Insurance Company | § <br> § <br> § <br> § <br> § | Case Type: **Injury or Damage - Other** <br> Date Filed: **03/25/2019** <br> Location: **CCAL4** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Geico Marine Insurance Company** | |
| | | |
| **Plaintiff** | **Cook, Zacharias Bryan** | Taylor W Harper <br> *Retained* <br> 210-490-7402(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/25/2019 | **Original Petition (OCA)** | | |
| 03/25/2019 | **Original Petition Documents E-filed** (Judicial Officer: Woerner, Mark H. ) | | |
| | *Plaintiff's Original Petition* | | |
| 03/25/2019 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 03/29/2019 | **Citation** | | |
| | Geico Marine Insurance Company | Served | 04/16/2019 |
| | | Response Due | 05/13/2019 |
| | | Returned | 04/22/2019 |
| 04/22/2019 | **Proof of Service** | | |
| | *Citation - Geico Marine Insurance Company* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Cook, Zacharias Bryan | | |
| | Total Financial Assessment | | 280.00 |
| | Total Payments and Credits | | 280.00 |
| | **Balance Due as of 05/09/2019** | | **0.00** |
| | | | |
| 03/26/2019 | Transaction Assessment | | 280.00 |
| 03/26/2019 | E-file Payment | Receipt # 2019-4540-DCCLK | Cook, Zacharias Bryan | (280.00) |

 **CT Corporation**

**Service of Process Transmittal**
04/16/2019
CT Log Number 535307459

**TO:** Blanca Dulanto
BOAT/U.S., INC.
5323 PORT ROYAL RD
SPRINGFIELD, VA 22151-2106

**RE:** **Process Served in Texas**

**FOR:** GEICO Marine Insurance Company  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ZACHARIAS BRYAN COOK, Pltf. vs. GEICO MARINE INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | CITATION, RETURN, PETITION |
| **COURT/AGENCY:** | NUECES COUNTY - COUNTY COURT, TX<br>Case # 2019CCV605234 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/16/2019 at 11:06 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | R. Scott Westlund<br>KETTERMAN ROWLAND & WESTLUND<br>16500 San Pedro, Suite 302<br>San Antonio, TX 78232<br>(210) 490-7402 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/17/2019, Expected Purge Date: 04/22/2019 |
| | Image SOP |
| | Email Notification,  Blanca Dulanto  bdulanto@boatus.com |
| | Email Notification,  Thomas King  tking@boatus.com |
| | Email Notification,  Rick Wilson  Rwilson@boatus.com |
| | Email Notification,  Alison Trimble  Atrimble@boatus.com |
| | Email Notification,  Connie Esau  cesau@boatus.com |
| | Email Notification,  ERIKA FALLIN  efallin@boatus.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street |

Page 1 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
04/16/2019
CT Log Number 535307459

**TO:**   Blanca Dulanto
BOAT/U.S., INC.
5323 PORT ROYAL RD
SPRINGFIELD, VA 22151-2106

**RE:**   **Process Served in Texas**

**FOR:**   GEICO Marine Insurance Company  (Domestic State: MD)

Suite 900
Dallas, TX 75201
**TELEPHONE:**   214-932-3601

Page 2 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Citation for Personal Service –RESIDENT**



Case Number: <u>2019CCV-60523-4</u>

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Geico Marine Insurance Company**
    **By Serving its Registered Agent, CT Corporation System**
    **1999 Bryan Street Suite 900**
    **Dallas Tx  75201**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Mark H. Woerner**, **County Court at Law #4** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Petition** was filed on the 25th day of March, 2019. A copy of same accompanies this citation.
The file number of said suit being Number:   **2019CCV-60523-4**

The style of the case is:   **Zacharias Bryan Cook vs. Geico Marine Insurance Company**

Said Petition was filed in said court by **Taylor W Harper**, attorney for Plaintiff, whose address is 16500 San Pedro Ste 302  San Antonio Tx  78232 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 29th day of March, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
*Nadia R. Contreras*
BY: _____, Deputy
      Nadia Contreras

## RETURN OF SERVICE

2019CCV-60523-4

**ZACHARIAS BRYAN COOK**
VS.
**GEICO MARINE INSURANCE COMPANY**

COUNTY COURT AT LAW #4

_____
Name

**ADDRESS FOR SERVICE**
Geico Marine Insurance Company
By Serving Its Registered Agent , CT Corporation System
1999 Bryan Street Suite 900
Dallas TX  75201

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____ m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| Fees: | | | Officer |
|-------|--|--|---------|
| Serving Petition and Copy | $_____ | _____, | County, Texas |
| Total | $_____ | By _____, | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
       (First, Middle, Last)

address is _____
      (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
3/25/2019 4:40 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019CCV-60523-4

| | | |
|---|---|---|
| ZACHARIAS BRYAN COOK | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| V. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| GEICO MARINE INSURANCE COMPANY | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ZACHARIAS BRYAN COOK, files this Original Petition against GEICO MARINE INSURANCE COMPANY ("GEICO" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.
## PARTIES AND SERVICE

Plaintiff resides in Atascosa County, Texas.

Defendant GEICO MARINE INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Nueces County, Texas because all or part of the conduct giving rise to the causes of action were committed in Nueces County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Marine Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is currently located at 370 York Crossing, Kingsbury, Texas 78638 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

On May 12, 2018 Bryan Cook was fishing in Corpus Christi Bay, Aransas Pass in Nueces County. During this fishing trip, Plaintiff sustained covered losses under the Policy

2

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent GEICO, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Nueces County, Texas because all or part of the conduct giving rise to the causes of action were committed in Nueces County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Marine Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is currently located at 370 York Crossing, Kingsbury, Texas 78638 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

On May 12, 2018 Bryan Cook was fishing in Corpus Christi Bay, Aransas Pass in Nueces County.  During this fishing trip, Plaintiff sustained covered losses under the Policy

2

when his vessel collided with an unseen oyster bar due to murky water conditions. This type of damage is a covered loss under the Policy as the result of impact and damages resulting therefrom. Additionally, Plaintiff timely reported same to Defendant pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT denied coverage stating that the damages sustained to Plaintiff's vessel was a result of long-term wear and tear from repeated flexing of the hull which is not considered a covered loss under the Policy. Additionally, INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages. Plaintiff was forced to seek out David King of King and Associates who operates a fiberglass shop in order to obtain an independent survey. This survey disputed the conclusion reached by INSURANCE DEFENDANT'S marine surveyor's inspection.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of his Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although a demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and

accomplished by the Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and the Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to even attempt to make a good faith effort to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

4

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for his claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Before and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

5

**V.**

**CAUSES OF ACTION AGAINST INSURANCE DEFENDANT**

**A.     BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.  INSURANCE DEFENDANT'S failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.     UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an

6

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.     THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**C.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum

8

on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.
## UNCONSCIONABILITY

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for dwelling damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages:

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

9

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff has a judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court, over $200,000, but not more than $1,000,000; for costs of suit; for expenses; for pre-judgment interest; for interest on the judgment; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:_____
R. SCOTT WESTLUND
State Bar No. 00791906
scott@krwlawyers.com
TAYLOR W. HARPER
State Bar No. 24091573
taylor@krwlawyers.com

ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY.**